**WEST SIDE COMMUNITY COMMITTEE CREDIT UNION, an Illinois credit union, Plaintiff,**

v.

**ILLINOIS DEPARTMENT OF FINANCIAL INSTITUTIONS, and Frank C. Casillas, Director of the Illinois Department of Financial Institutions, Defendants.**

No. 98 C 6372.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 24, 1999.

---

Peter Vincent Bustamante, Adler, Murphy & McQuillen, Chicago, IL, for plaintiff.

David Wayne VandeBurgt, Ill. Attorney General's Office, Chicago, IL, for Defendants.

## MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff credit union was suspended from operation on April 22, 1998, by the Department of Financial Institutions on the basis of seven specified grounds. The suspension was contested in an adversary proceeding, but the hearing officer recommended that the suspension order be sustained, and it was. A liquidation order followed. Plaintiff then sought judicial review in state court and also complained of the same alleged due process violations it alleges here. Subsequently plaintiff dismissed the due process claims in state court and refiled them here as a § 1983 action against the Department and Frank C. Casillas, its director, adding claims for monetary relief. The complaint seeks both monetary and equitable relief, including the rescission of the liquidation order. Defendants now move to dismiss. That motion is granted.

*Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), spawned the *Younger* abstention doctrine, which initially counseled federal courts to abstain rather than interfere in a pending state criminal proceeding. That concept was later expanded to pending civil proceedings which implicate important state interests, *Trainor v. Hernandez,* 431 U.S. 434, 444, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977), and in which the federal claims can be decided by the state appellate tribunal, *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608, 609, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). It extends to administrative proceedings, judicial in nature, so long as constitutional issues can be raised in and decided by the reviewing court. *Ohio Civil Rights Commission v. Dayton Schools,* 477 U.S. 619, 629, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986); *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 436, 102 S.Ct. 2515, 73 L.Ed.2d 116

(1982). It extends as well to claims for monetary relief if federal adjudication would be disruptive of the state proceeding, *Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir.1995).

 Here the judicial proceedings are ongoing, they implicate important state interests and there is an adequate opportunity in the state court proceedings to raise constitutional challenges. Plaintiff claims that the Department deprived it of due process[1] by failing to adhere to various rules or by failing to have rules in place, not that there is some institutional bias. We are given no reason to believe that the state court cannot review those claims, and, indeed, plaintiff first filed them there. In those circumstances we should abstain. *Trust & Investment Advisers, Inc. v. Hogsett*, 43 F.3d 290, 295 (7th Cir.1994).

We think that decision should, ordinarily, lead to a stay, not a dismissal, because plaintiff cannot obtain monetary relief in the state proceeding. *Simpson*, 73 F.3d at 138–139. Nevertheless, for the following reasons we dismiss.

 First, the claim for monetary relief against the Department and against the director in his official capacity is clearly barred by the Eleventh Amendment. Plaintiff does not dispute that. It is unclear whether or not the director is being sued in his private capacity. But even if he is being sued in his private capacity, we believe he is entitled to the absolute immunity given to officials performing adjudicative functions. Plaintiff contends that the director was supposed to promulgate rules and did not do so, suggesting, apparently, that he was acting in an executive capacity. But the gravamen of plaintiff's complaint for monetary damages is that it was ordered liquidated after an administrative proceeding conducted without adequate due process procedures, and that it is entitled to damages for that past injury. That

is a claim that the director acted in a quasi-judicial capacity. He is therefore immune from the claim for damages. *Butz v. Economou*, 438 U.S. 478, 504, 511–13, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Mother Goose Nursery Schools, Inc. v. Sendak*, 770 F.2d 668 (7th Cir.1985).